IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IFEYHEWEN BADIDI, )<br>)<br>　　　Plaintiff, )<br>)<br>　v. )<br>)<br>JOSHUA J. CASPER AND )<br>BANNER BUILDINGS OF )<br>COLUMBUS, INC., )<br>)<br>　　　Defendants. ) | CASE NO. 3:24-cv-691-RAH<br>[WO] |

## **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This case arises out of a January 25, 2022, motor vehicle accident in Phenix City, Alabama between Plaintiff Ifeyhewen Badidi and Defendant Joshua Casper. Pending before the Court is the Motion for Summary Judgment filed by Casper's employer, Defendant Banner Buildings of Columbus, Inc. Banner argues that Badidi's claims against it are time-barred because Banner was added as a defendant after the expiration of the statute of limitations. Banner's motion is fully briefed and ripe for decision. For the reasons that follow, Banner's motion will be granted.

## BACKGROUND

The accident between Badidi and Casper occurred on January 25, 2022, during business hours while Casper was driving a truck for Banner. The traffic crash report written by law enforcement identified Banner as Casper's employer and the owner of the vehicle that Casper was driving. Badidi obtained a copy of the report shortly after the accident, and at one point, provided a copy of the report to Banner's insurance carrier as part of a pre-suit settlement demand package.

1

On January 3, 2024, Badidi filed this lawsuit against Casper. Badidi did not initially name Banner as a defendant although the Complaint identified Casper's "employer" as a fictitious defendant. Seven months later, on August 2, 2024, Badidi amended his Complaint to add Banner. The amendment came after the expiration of the two-year statute of limitations applicable in Alabama.

Banner removed the case to the Middle District of Alabama, and then moved to dismiss the Amended Complaint against it on statute of limitations grounds. Banner's motion was denied without prejudice so that the parties could engage in discovery on the limited issue of the statute of limitations. On April 7, 2025, Banner renewed its statute of limitations argument via its Motion for Summary Judgment.

## LEGAL STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed .R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## JURISDICTION AND VENUE

Subject matter jurisdiction is conferred by 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391.

## DISCUSSION

The sole issue raised in Banner's summary judgment motion is the statute of limitations. It is without dispute that Banner was added as a defendant after the two-year statute of limitations had expired. It is also without dispute that Badidi had in his possession, through his legal counsel, a copy of the traffic crash report and pre-suit correspondence that identified Banner by name as both Casper's employer and the owner of Casper's vehicle. The pertinent question is whether the addition of Banner on August 2, 2024, relates back to the date of Badidi's filing of the Complaint against Casper on January 25, 2024.

When sitting in diversity, federal courts follow state law when determining whether an amended complaint relates back to a timely-filed original complaint. *See Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir. 2001). Alabama Rules of Civil Procedure 9(h) and 15 govern fictitious parties and amended pleadings, even when the lawsuit is pending in federal court under diversity jurisdiction. *Id.* at 963–66. Rule 15 allows an amended pleading to relate back to an original complaint under the fictitious party principles of Rule 9(h), when a party is ignorant of the name of an opposing party and so alleges in the party's pleading. Ala. R. Civ. P. 9(h).

To show relation back, a plaintiff must establish four things: "(1) that it stated a cause of action against the defendant in the body of the original complaint, albeit identifying the party only as a fictitiously named party; (2) that it was ignorant of the defendant's identity at the time the original complaint was filed; (3) that it exercised due diligence to identify the fictitiously named party; and (4) that it promptly amended its complaint once it knew the identity of the fictitiously named party." *Patterson v. Consol. Aluminum Corp.*, 101 So. 3d 743, 747 (Ala. 2012) (internal citations omitted). "The absence of evidence establishing any one of these factors is sufficient to support" disallowing substitution. *Id.*

Considering these factors, Badidi can only establish the first. Because of the

crash report and pre-suit correspondence, Badidi had in his possession, before this lawsuit was filed, documents that gave him not only knowledge of Banner by name but also knowledge that Banner was Casper's employer and the owner of Casper's vehicle. Yet Badidi elected not to sue Banner at the outset although he clearly could have done so. Indeed, applying these factors, Alabama courts have held that relation back will not be permitted when the plaintiff could have discovered the defendant's identity simply by reviewing the accident report. *See Ex parte Am. Sweeping, Inc.*, 272 So. 3d 640, 644–46 (Ala. 2018) (finding the plaintiffs failed to exercise due diligence to identify defendant, a street sweeping company, that was listed on police accident report and precluding relation back of amended claims); *Ex parte Nationwide Ins. Co.*, 991 So. 2d 1287, 1291–92 (Ala. 2008) (finding the plaintiff's amended claims against defendant insurer, substituted for fictitious party, did not relate back to original complaint because the plaintiff could have discovered insurer's identity by reviewing accident report). And here, Badidi easily could have—and should have—discovered Banner and named it as a defendant from the outset. As such, Badidi loses on three of the four factors (second, third, and fourth), and therefore his claims against Banner do not relate back and are time-barred.

## CONCLUSION

All told, Badidi has failed to show that the late addition of Banner relates back to the date that Badidi initially filed this lawsuit. His claims against Banner are therefore time-barred and Banner's Motion for Summary Judgment (doc. 26) is due to be and is hereby **GRANTED**. Banner is hereby **DISMISSED** as a defendant. This matter will proceed solely on Badidi's claims against Casper.

**DONE** on this the 10th day of June 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE